HANSON BRIDGETT LLP
ALEXANDRA V. ATENCIO, SBN 227251
aatencio@hansonbridgett.com
SAMANTHA A. BOTROS, SBN 317523
sbotros@hansonbridgett.com
SAMANTHA BACON, SBN 351561
sbacon@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:     (415) 777-3200
Facsimile:      (415) 541-9366

Attorneys for Plaintiff
GOLDEN GATE BRIDGE, HIGHWAY AND
TRANSPORTATION DISTRICT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| GOLDEN GATE BRIDGE, HIGHWAY AND TRANSPORTATION DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR; JULIE A. SU in her official capacity as Acting Secretary of Labor; OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION; and DOUGLAS L. PARKER in his official capacity as Assistant Secretary of Labor for Occupational Safety and Health,<br><br>Defendants. | Case No. 3:24-cv-04985-RS<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

Plaintiff, the Golden Gate Bridge, Highway and Transportation District ("Plaintiff" or "District"), and Defendants the United States Department of Labor ("DOL"), Julie Su, Douglas Parker, and Occupational Safety and Health Administration ("OSHA") (collectively "Defendants") (Plaintiff and Defendants jointly referred to herein as "the Parties"), hereby file this Joint Case Management Statement pursuant to Civil Local Rule 16-9, and the Standing Order of this Court.

## I.   JURISDICTION AND SERVICE

<u>Plaintiff's Position re: Jurisdiction</u>:

The Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this case involves federal questions under the Administrative Procedure Act (APA).

<u>Defendants' Position re: Jurisdiction</u>:

As set forth in Defendants' Motion to Dismiss, Dkt. No. 16, the Court lacks subject matter jurisdiction because Plaintiff lacks standing under Article III, and because the agency action at issue is not a "final agency action" for purposes of the APA.

The parties agree that venue is appropriate in the Northern District of California because Plaintiff resides within this district, pursuant to 28 U.S.C. § 1391(e)(1)(C). There are no issues regarding personal jurisdiction or venue, as all defendants are federal entities or officials, and the action is filed within the district where the Plaintiff operates. Additionally, there are no remaining parties to be served.

## II.   SUMMARY OF FACTS

<u>Plaintiff's Summary of Facts:</u>

The District brings this action under the Administrative Procedure Act ("APA") 5 U.S.C. § 500, *et seq.*, challenging Defendants' issuance of a revised interpretation letter in April 2020 that departs significantly from OSHA's established regulation under 29 C.F.R. § 1926.451(a)(1) and 29 C.F.R. § 1926.450 related to the required factor of safety for scaffolds. The 2020 revised interpretation letter is contrary to the plain text and longstanding meaning of 29 C.F.R. § 1926.451(a)(1) and therefore constitutes a standard that first required notice and comment under the APA. Defendants failed to first engage in this requisite procedure. As such, the new rule is arbitrary,

/ / /

capricious, and otherwise contrary to law, as well as violative of the APA's notice and comment procedures.

Defendants' Summary of Facts:

This case concerns a revision to a "Standard Interpretation Letter" published on OSHA's website regarding how to calculate the weight that scaffolding must be able to support. OSHA publishes dozens of such letters every year, and these letters are not formal "standards" requiring notice and comment rulemaking. Indeed, as set forth in Defendants' Motion to Dismiss, the Standard Interpretation Letter at issue was not a final agency action that can be challenged under the APA at all. *See* MTD at 11-14.

Moreover, Plaintiff has not alleged any facts supporting its standing to bring this suit under Article III. *See* MTD at 7-11. Plaintiff does not allege it was injured by the Standard Interpretation Letter. *See id.* at 8. And, crucially, Plaintiff operates in California, where a state department (Cal/OSHA) exercises jurisdiction over Plaintiff. *See id.* at 3, 6. Thus, in addition to failing to allege an injury, Plaintiff lacks standing because any injury it hypothetically could allege would not be fairly traceable to the federal government, as opposed to the state agency that actually sets the standards governing Plaintiff's operations. *See id.* at 8.

## III. SUMMARY OF LEGAL ISSUES

Plaintiff's Position:

The central issues in this case are whether Defendants violated the APA by creating a new safety standard for scaffolds without first engaging in the required notice-and-comment rulemaking process, and whether the new rule is arbitrary, capricious, and otherwise contrary to law.

Defendants' Position:

The Court must address the threshold legal issues of whether it has subject matter jurisdiction over Plaintiff's claims. Those include whether Plaintiff has Article III standing, and whether the Standard Interpretation Letter is a "final agency action" subject to judicial review.

If the Court ultimately determines that it has jurisdiction, the primary legal issues on the merits are whether the revision to the Standard Interpretation Letter was required to go through a

///

formal process such as notice-and-comment rulemaking, and whether the Standard Interpretation Letter was arbitrary and capricious or otherwise contrary to law under the APA.

### IV.     MOTIONS

Defendants filed a motion to dismiss Plaintiff's complaint on October 25, 2024, arguing that Plaintiff lacks standing and that the 2020 Interpretive Letter does not constitute final agency action. Plaintiff disagrees on both issues, but intends to amend the complaint pursuant to Fed.R.Civ.Proc., Rule 15(a)(1)(B) by November 15, 2024 which will moot the pending motion.

Defendants will evaluate Plaintiff's Amended Complaint once it is filed, and consider at that time whether to bring a second Motion to Dismiss.

### V.     AMENDMENT OF PLEADINGS

As stated above, Plaintiff intends to amend the complaint pursuant to Fed.R.Civ.Proc., Rule 15(a)(1)(B) by November 15, 2024. At this time, it is not expected that additional parties or claims will be added, nor are there anticipated dismissals of current claims. The amendment will primarily address issues related to standing in response to Defendants' motion to dismiss.

### VI.    EVIDENCE PRESERVATION

Plaintiff's counsel certifies that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm compliance with the relevant provisions. Plaintiff's reached out to Defendants' counsel to meet and confer regarding electronically stored information (ESI), however, Defendant's position is that such meet and confer is premature.

Undersigned counsel for Defendants has reviewed the Court's ESI Guidelines and confirms compliance with the relevant provisions therein.

### VII.   INITIAL DISCLOSURES

Plaintiff's counsel reached out to Defendants' counsel to schedule the Rule 26(f) conference to discuss the issues set forth in the Rule, including initial disclosures.  During the meet and confer, Defendants informed Plaintiff of their position that this case is exempt pursuant to Rule 26(a)(1)(B)(i) as "an action for review on an administrative record" because it involves a violation of the Administrative Procedures Act. As such, Defendants did not plan to exchange initial

disclosures. It is not clear to Plaintiff whether the exemption under Rule 26(a)(1)(B)(i) applies to this case, but given Defendants' position the Parties have not exchanged initial disclosures.

**VIII. DISCOVERY**

<u>Plaintiff's Position</u>:

Plaintiff's counsel initiated a meet and confer with Defendants' counsel regarding discovery, including to obtain what Defendants believe constitutes the administrative record in this case. Based on Defendants' position that this is a case exempt under Rule 26(a)(1)(B)(i) because they assert it is "an action for review on an administrative record," Plaintiff inquired into whether Defendants plan to produce the administrative record in compliance with Northern District Local Rule 16-5, which requires Defendants in actions for review on an administrative record to file an answer and serve a certified copy of the administrative record within 90 days of receiving service of the summons and complaint. In response, Defendants' counsel indicated he does not believe Rule 16-5 applies, and further indicated that Defendants believe producing the administrative record at this time would be burdensome and premature. Based on this, Plaintiff understands that Defendants do not intend to comply with Rule 16-5's requirement to produce the administrative record. Plaintiff additionally asked if Defendants would respond to discovery requests if Plaintiff were to serve discovery, to which Defendants responded that discovery is premature at this time due to Plaintiff's intention to amend the complaint which may lead to Defendants filing another motion to dismiss. Plaintiff disagrees that discovery is premature, and is not aware of any authority that supports Defendants' stated grounds for not responding to or providing discovery at this time. Plaintiff respectfully seeks the Court's guidance on how to proceed to facilitate Plaintiff's ability to obtain necessary discovery to move the case forward.

Plaintiff disagrees with Defendants' Position, set forth below, but respectfully refrains from engaging in an inappropriate merits dispute in this joint case management statement. Plaintiff also notes that Defendants' arguments that: 1) Federal Rule of Civil Procedure 12(a)(4) allows them to delay producing the administrative record; and, 2) Plaintiff is not entitled to discovery in this case, are being raised for the first time by Defendants via their portion of the joint case management

///

statement provided to Plaintiff on the date the statement is due, therefore, Plaintiff has not (and does not have time given the filing deadline) to analyze or respond to Defendants' arguments.

Defendants' Position:

Local Rule 16-5 does not apply here because Defendants have filed a Motion to Dismiss for lack of subject matter jurisdiction. That local rule provides a default timeline for agency defendants to "file and serve an answer, together with a certified copy of the transcript of the administrative record." Civ. L.R. 16-5. However, Federal Rule of Civil Procedure 12(a)(4) provides that, "serving a motion under" Rule 12 "alters" the timeline to file a responsive pleading such as an answer, such that any such pleading is due following the Court's resolution of the motion. As noted above, Defendants have filed a Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Thus, Defendants' obligation to "file and serve an answer" along with an administrative record is postponed until the Court rules on the Motion to Dismiss (and, indeed, any subsequent motions that may be filed under Rule 12). The application of that rule in this case makes especially good sense considering Defendants' position that the Court lacks subject matter jurisdiction; it would make no sense for Defendants to spend resources compiling an administrative record when not only are the pleadings unsettled, but the Court has not even confirmed its own jurisdiction. All the more so at this time, where Plaintiff effectively concedes that the operative pleading fails to establish the Court's subject matter jurisdiction.

Plaintiff's apparent desire for discovery outside of the administrative record (should one ever be required) is also not only premature but improper. In APA cases, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). While supplementation of the AR may be appropriate in certain situations, *see, e.g., Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010), it is premature to consider that issue now, when the AR has not yet been assembled, and indeed the pleadings are not even settled. Plaintiff is therefore not entitled to discovery in this APA case.

**IX.    CLASS ACTIONS**

This action is not a class action.

## X. RELATED CASES

There are no related cases.

## XI. RELIEF

Plaintiff requests a declaratory judgment that the 2020 revised interpretation letter is arbitrary and capricious and therefore invalid and vacated, and that Defendants acted not in accordance with law and without observance of procedure as required by law by issuing the 2020 revised interpretation letter because the public was not afforded notice or an opportunity to comment before it was promulgated and therefore the letter is unlawful, invalid and vacated , an award of attorney fees and costs, and any further relief deemed just and proper.

## XII. SETTLEMENT AND ADR

<u>Plaintiff's Statement:</u>

Plaintiff was unaware of who would be representing Defendants in this action and therefore were unable to schedule the requisite meet and confer before the ADR Certification was due. Shortly after filing the motion to dismiss, Defendants' counsel sent an email to Plaintiff's counsel indicating that they believed discussions regarding ADR were premature given Defendants' pending motion to dismiss. In light of Defendants' position, the Parties have not selected an ADR process or established a timeline. The Parties agreed to discuss ADR with the Court at the case management conference.

<u>Defendants' Statement:</u>

Undersigned counsel for Defendants initiated the meet and confer with Plaintiff's counsel regarding ADR by emailing them on October 25 (the same day Defendants entered their appearance and filed their Motion to Dismiss), setting forth in that email Defendants' position that it was premature to discuss ADR or hold the Case Management Conference because it was not yet clear the case would proceed past the pleadings stage. Indeed, as discussed below, Defendants believe (and have consistently told Plaintiff's counsel) that the Case Management Conference should be continued until a date following the Court's resolution of the Motion(s) to Dismiss. Defendants maintain that any discussion of ADR should take place only after the pleadings are settled. If the case does proceed past the pleadings stage, and if the Court believes the case is appropriate for

reference to ADR, Defendants respectfully submit that referral to a federal magistrate judge for a settlement conference would be most appropriate, given the unique legal issues presented by APA cases.

### XIII. OTHER REFERENCES

The case does not appear suitable for binding arbitration or reference to a special master, nor is it appropriate for consideration by the Judicial Panel on Multidistrict Litigation.

### XIV. NARROWING OF ISSUES

The Parties have not completed discovery and, therefore, request that the Court revisit this issue at the next case management conference and/or Pre-Trial Conference.

### XV. SCHEDULING

<u>Plaintiff's Position</u>:

The Parties have not met and conferred regarding case scheduling, as Defendants position is that this case is "an action for review on an administrative record" and therefore exempt.

Plaintiff notes that based on Defendants' position, it appears Local Rule 16-5 applies and would require Defendants to produce the administrative record within 90 days of being served with the Summons and Complaint, and then would require Plaintiff to file a motion for summary judgment on a specified timeframe. However, given Defendants' indication that they do not intend to produce the administrative record on the timeline dictated by Rule 16-5, Plaintiff is not capable of complying with the Rule's dispositive motion deadline. In addition, Plaintiff is concerned that even if Defendants were to produce records they contend constitute the administrative record that Plaintiff will need sufficient time to review and issue discovery if it is determined that additional records are necessary.

Plaintiff seeks guidance from the Court on the appropriate course for moving this case forward, including clarification on scheduling and compliance with Local Rule 16-5.

Plaintiff objects to Defendants' improper three-part request, below, as it is an improper attempt to obtain the requested relief without a properly noticed motion. First, Defendants' attempt to obtain additional time and request relief solely through a position stated in a joint Case Management Conference Statement, without filing a properly noticed motion, is improper and

disregards the procedural set by Northern District Local Rules and Federal Rules of Civil Procedure. Local Rule 16-2(d) expressly requires that any relief from a case management schedule must be sought through a motion detailing supporting circumstances, counsel's efforts to obtain agreement from other parties, a proposed revised schedule, and any necessary ADR changes. Second, Local Rule 6-1 and Federal Rule 15(a)(3) state that extensions of time to respond to amended pleadings must be stipulated in writing without affecting court-ordered deadlines or, alternatively, formally requested with a showing of "good cause." Defendants attempt to obtain additional time solely by requesting such relief in a joint CMC statement, without providing any rationale—let alone the "good cause" required for an extension, is improper. Finally, requesting subsequent case management conferences within 14 days by written unilateral request, rather than allowing the Judge or Magistrate Judge to schedule them at their discretion per Northern District Rule 16-10 and Federal Rule 16, and disregards the Court's structured scheduling. Defendants' requests undermine judicial efficiency, ignore required cause for extensions, and disregard the structured scheduling process intended to prevent ad hoc requests that would unnecessarily burden the court and all parties involved. Plaintiff does not think it is sensible to continue the Initial Case Management Conference while there are multiple outstanding issues.

<u>Defendants' Position</u>:

As explained above, Defendants submit that Local Rule 16-5 does not apply because Defendants have filed a Motion to Dismiss under Rule 12. Indeed, Plaintiffs admit that they are going to amend their Complaint, so the current operative pleading will soon be moot. Given the grounds raised by Defendants' Motion to Dismiss, Defendants expect that any amended pleading will likely be deficient as well, and so one or more additional motions to dismiss are likely.

Defendants respectfully request that the Court (1) vacate the currently scheduled initial case management conference; (2) grant Defendants 30 days to file a response to Plaintiff's Amended Complaint; and (3) order that, once the pleadings are settled (if the case is not dismissed), any party may request a case management conference on 14 days notice, at which point the Court would set a case management schedule for the remainder of the case. Defendants submit that this proposed schedule would be the most efficient use of the Court's and the parties' (including the agency's)

resources, while maintaining the flexibility to set an appropriate schedule should the case ever make it past the motion-to-dismiss stage.

Plaintiff's procedural arguments against Defendants' sensible proposal do not withstand scrutiny. Indeed, since October 25, Defendants have repeatedly and consistently tried to obtain Plaintiff's position on whether they would agree to a stipulation to continue the Initial Case Management Conference. Defense counsel repeatedly spoke with Plaintiff's counsel over the phone, and emailed Plaintiff's counsel about his issue on October 30, November 1, November 4, and November 6. It was not until November 6 that Plaintiff's counsel finally confirmed that Plaintiff would not agree to such a stipulation unless Defendants produced an administrative record before the pleadings were settled (with which Defendants do not agree, as explained above). At that point it was too late to file any motion regarding the case schedule with any expectation of obtaining relief before this Case Management Statement was due. In any event, the Court unquestionably has the power and discretion to set the schedule requested by the government here, and Plaintiff offers no good reason why the government's proposed schedule should not be implemented.

## XVI. TRIAL

Plaintiff's Position:

This case is expected to proceed as a bench trial.

Defendants' Position:

Because this is an APA case, Defendants submit that, if the case is not ultimately dismissed under Rule 12, the Court will likely resolve it on summary judgment under Rule 56, without holding a trial.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-15, Plaintiff certifies that, as of this date, there are no known conflicts of interest to report beyond the named parties. Plaintiff confirms that it filed its "Certification of Interested Entities or Persons" as required on August 9, 2024.

Defendants are exempt from this requirement under Civil Local Rule 3-15(a).

///

///

## XVIII. PROFESSIONAL CONDUCT

Plaintiff's counsel confirms that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Undersigned counsel for Defendants confirms he has reviewed the Guidelines for Professional Conduct.

## XIX. OTHER MATTERS

As noted above, Defendants request that the Court vacate the Initial Case Management Conference and allow the parties to request a Case Management Conference after the pleadings are settled (if ever).

DATED: November 7, 2024                HANSON BRIDGETT LLP


By:   */s/ Samantha A. Botros*
ALEXANDRA V. ATENCIO
SAMANTHA A. BOTROS
SAMANTHA M. BACON
Attorneys for Plaintiff
GOLDEN GATE BRIDGE, HIGHWAY AND TRANSPORTATION DISTRICT

DATED: November 7, 2024                UNITED STATES ATTORNEY


By:   */s/ Kelsey J. Helland*
ISMAIL J. RAMSEY
PAMELA T. JOHANN
KELSEY J. HELLAND
Attorneys for Defendants
UNITED STATES DEPARTMENT OF LABOR; JULIE A. SU in her official capacity as Acting Secretary of Labor; OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION; and DOUGLAS L. PARKER in his official capacity as Assistant Secretary of Labor for Occupational Safety and Health

**SIGNATURE ATTESTATION**

I hereby attest that all signatories listed above, on whose behalf this stipulation is submitted, concur in the filing's content and have authorized the filing.

DATED: November 7, 2024                    HANSON BRIDGETT LLP

By:     */s/ Samantha A. Botros*
ALEXANDRA V. ATENCIO
SAMANTHA A. BOTROS
SAMANTHA M. BACON
Attorneys for Plaintiff
GOLDEN GATE BRIDGE, HIGHWAY AND TRANSPORTATION DISTRICT

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:_____

_____
RICHARD SEEBORG
Chief District Judge